I must dissent from the majority Opinion and Award and would adopt the decision of the Deputy Commissioner in this matter on the grounds that plaintiff unjustifiably refused suitable employment. Defendant carried the burden of proof to show that their offer of employment to plaintiff constituted suitable employment available in the marketplace.
The carpentry job offered to plaintiff was suitable to his physical capacity. Furthermore, the job was not a make-work position. Carpenters employed by defendant work interchangeably on all tasks on a particular project. All of the tasks that plaintiff would have been able to perform were useful and necessary tasks. Plaintiff would have completed sawing, nail gunning, step thread installation, window wrapping, mini-blind installation, towel bar installation, and caulking, among other tasks. Jobs performing the punch-out carpentry tasks as well as site clean-up existed and exist in the competitive labor market. The position offered was not merely a clean-up job, and because the job offered involved cleaning up and the punch-out carpentry work, the job is one that would or may be found in the competitive labor market.
Although plaintiff enjoyed a presumption of ongoing total disability since a Form 21 was approved in this case, this presumption is not absolute and is rebuttable. Defendant successfully rebutted the presumption of ongoing total disability and demonstrated that plaintiff is capable of earning wages and therefore no longer totally disabled. Plaintiffs refusal to attempt the punch-out, cleanup job was unjustified. Therefore, I respectfully dissent.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER